IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JAZMYNE GOODLOW, A/K/A JAZMYNE ROSS, § § § *Plaintiff,* § § v. § § VETERANS LAND BOARD OF THE § STATE OF TEXAS AND GATEWAY § MORTGAGE GROUP, LLC § § *Defendant.* § | CIVIL ACTION NO. 5:23-cv-173 |

## NOTICE OF REMOVAL

Defendant Gateway First Bank, successor by conversion to Gateway Mortgage Group, LLC (incorrectly named as "Gateway Mortgage Group, LLC") ("Gateway") respectfully files this Notice of Removal pursuant to federal question and diversity jurisdiction under 28 U.S.C. §§ 1331 and 1332.

## I.
## INTRODUCTION

1. December 29, 2022, Plaintiff Jazmyne Goodlow, a/k/a Jazmyze Ross ("Plaintiff") filed her Original Petition, Application for Temporary Restraining Order, Temporary Injunction, Permanent Injunction, and Request for Disclosures (the "Petition") in the 285th Judicial District Court in Bexar County, Texas under Cause No. 2022-CI-24781.[1]

2. In the Petition, Plaintiff seeks actual damages against Gateway for various causes of action including breach of contract, negligence, violations of the Texas Property Code, violation of the Real Estate Settlement Procedures Act ("RESPA"), and violation of federal regulations

---

[1] The State Court record is attached as **Exhibit A**.

1

promulgated by the United States Department of Housing and Urban Development (HUD) stemming from the servicing of a mortgage for the real property located at 6103 Travis Summit, San Antonio, Texas 78218 (the "Property"). Plaintiff also seeks both temporary and permanent injunctive relief preventing Gateway from enforcing its rights under the Note and Deed of Trust by foreclosing on the Property, in addition to fees and costs.

3.      Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, orders, and other papers filed in the state court action and obtained by Gateway are attached hereto and marked as **Exhibit A**.

## II.
## TIMELINESS OF REMOVAL

4.      This suit was filed on December 29, 2022. Gateway has not been served with the Petition but received a copy on or about January 23, 2023.[2] This Notice of Removal is therefore timely.[3]

## III.
## BASIS FOR REMOVAL: DIVERSITY JURISDICTION

5.      This Court has original jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332. The requirements for diversity jurisdiction are met in this case, as the Plaintiff and Defendant Gateway are completely diverse in citizenship and the amount in controversy, exclusive of interests and costs, exceeds $75,000.00.

---

[2] See **Exhibit A**.

[3] See 28 U.S.C. § 1446(b); see also *McZeal v. EMC Mortgage Corp.*, 2009 WL 1684639, at *1 (S.D. Tex. June 16, 2009) (citing *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354-56 (1999)).

*A.      Complete Diversity Exists.*

6.      Plaintiff Jazmyne Goodlow a/k/a Jazmyne Ross is a citizen of Texas, residing in Bexar County, Texas.[4]

7.      Gateway First Bank is an Oklahoma-chartered banking corporation with its designated main office in Jenks, Oklahoma and as such is a citizen of Oklahoma.[5]

8.      To the extent Plaintiff intended to include the Veterans Land Board of the State of Texas (the "VLB") as a party to this matter, diversity still exists.[6] The VLB is sued solely in its capacity as the current beneficiary and mortgagee, although no allegations are made against the VLB in the Original Petition.[7] Without stating any allegations against the VLB, Plaintiff cannot prevail against it.[8] More importantly, the VLB is a state agency, which is generally immune from certain suits to which the Legislature has not consented.[9] Here, Plaintiff seeks both temporary and permanent declaratory relief barring foreclosure on the Property. On its face, Plaintiff's lawsuit is

---

[4] *See* **Exhibit A** (Original Petition), at ¶ 2.

[5] *See* 28 U.S.C. § 1332(c)(1) (deeming state-chartered banks to be citizens of "every State and foreign state by which it has been incorporated and the State or foreign state where it has a principal place of business. . ."); *See also Wachovia Bank, N.A. v. Schmidt,* 546 U.S. 303, 306 (2006).

[6] *See* **Exhibit A** Original Petition.

[7] *Id*.

[8] *Vaillancourt v. PNC Bank, Nat'l Ass'n*, 771 F.3d 843, 848 (5th Cir. 2014) (finding PNC satisfied improper joinder burden regarding substitute trustee by demonstrating that plaintiff did not assert any causes of action against him); *Foster v. Deutsche Bank Nat'l Trust Co.*, 848 F.3d 403, 406 (5th Cir. 2017) (ruling there can be no cause of action against substitute trustee if foreclosure never occurred).

[9] *Lesley v. Veterans Land Bd. of State*, 352 S.W.3d 479, 483-84 (Tex.2011) (citing *Fed. Sign v. Tex. S. Univ.*, 951 S.W.2d 401, 405 (Tex.1997), superseded by statute on other grounds, ("This Court has long recognized that sovereign immunity, unless waived, protects the State of Texas, its agencies and its officials from lawsuits for damages, absent legislative consent to sue the State."); *State v. Lain*, 162 Tex. 549, 349 S.W.2d 579, 582 (1961) ("When in this state the sovereign is made a party defendant to a suit for land, without legislative consent, its plea to the jurisdiction of the court based on sovereign immunity should be sustained in limine."); but see TEX. NAT. RES. CODE § 164.019 ("A writ of mandamus and all other legal and equitable remedies are available to a party in interest to require the board and any other party to carry out agreements and to perform functions and duties under this chapter, the Texas Constitution, or the board's bond resolutions or orders.")).

a "suit for land" from which the VLB is immune.[10] Accordingly, the VLB is improperly joined, and its citizenship must be disregarded for diversity purposes.[11]

9. Gateway further notes that Plaintiff has alleged that VLB is a foreign entity.[12]

10. Because the Plaintiff is a citizen of Texas and Gateway is a citizen of Oklahoma, complete diversity of the Parties exists.

B. **The Amount in Controversy Exceeds $75,000.00.**

11. In the Petition, Plaintiff seeks both temporary and permanent injunctive relief to enjoin Gateway from taking any action to foreclose on the Property.[13] When such relief is sought, the amount in controversy is measured by the value of the object of the litigation.[14] When the object of a mortgagor's litigation is the protection of the entire property, the fair market value of the property is the proper measure of the amount in controversy.[15] Here, the fair market value of the Property is approximately $263,000.00.[16] Therefore, based on the value of the injunctive relief sought by Plaintiff, the amount in controversy exceeds $75,000.00 and removal is proper.

12. The Original Petition does not state on its face the amount of monetary damages sought by Plaintiff. In order to determine the amount in controversy, Gateway need only include a

---

[10] *Lesley*, 352 S.W.3d at 484 (citing *Lain*, 349 S.W.2d at 582).

[11] *See McKee v. Kansas City Southern Rail Road Co.,* 358 F3d 329, 333 (5th Cir. 2004); *Travis v. Irby,* 326 F.3d 644, 648 (5th Cir. 2003). To avoid fraudulent joinder, a plaintiff must be able to show that there is "a reasonable basis for predicting that the state law might impose liability on the facts involved…This possibility, however, must be reasonable, not merely theoretical." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.,* 313 F3d 305, 312 (5th Cir. 2002) (internal citation and quotations omitted).

[12] *See* **Exhibit A** Original Petition at ¶2.

[13] *See generally* **Exhibit A** Original Petition.

[14] *Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013).

[15] *Id.*

[16] The Bexar County Appraisal District Summary, attached as **Exhibit B**, values the Property at $263,000.00. It is appropriate for the Court to take judicial notice of the Bexar County Tax Appraisal because it is a public record, the information it provides is readily ascertainable, and the source – the Bexar County Tax Assessor-Collector – cannot reasonably be questioned. *See Funk v. Snyker*, 631 F.3d 777, 783 (5th Cir. 2011).

plausible allegation that Plaintiff's claims exceed $75,000 in the aggregate.[17] It is well established that "[t]he value to the *plaintiff* of the right to be enforced or protected determines the amount in controversy."[18] Here, in addition to filing suit for the purpose of barring Gateway from foreclosing on the Property, Plaintiff seeks damages for breach of contract, negligence, violation of the Texas Property Code, and violations of RESPA and HUD guidelines.[19] These facts, when considered in conjunction with the value of the Property, allow the Court to conclude the amount in controversy exceeds $75,000 in the aggregate and removal is therefore proper.

## IV.
## BASIS FOR REMOVAL: FEDERAL QUESTION JURISDICTION

13.     Additionally, removal is proper because this is a civil action involving a federal question or questions. Plaintiff bases its claims on alleged violations of the Real Estate Settlement Procedures Act (RESPA) and federal regulations promulgated by the United States Department of Housing and Urban Development (HUD), making them claims over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331.[20] In particular, Plaintiff alleges that the HUD regulations create a duty owed by Gateway that it breached, giving rise to a negligence claim, and that the failure to follow HUD regulations breached Plaintiff's contract with Gateway.

14.     A federal court's original jurisdiction over federal questions carries with it jurisdiction over state law claims if those claims "derive from a common nucleus of operative

---

[17] *See* 28 U.S.C. § 1332; *Dart Cherokee Basin Oper. Co. v. Owens*, 574 U.S. 81, 135 S.Ct. 547, 554 (2014); *ABS, Inc., Ltd. v. National Union Fire Ins. Co.*, 51 F.Supp.2d 762, 767 (E.D. Tex. 1999) (standing for the position that the Court may factor in the value of unspecified damages to assess whether the amount in controversy requirement is satisfied); *Salazar v. Downey*, 2012 WL 5389678, at *2 (N.D. Tex. Nov. 5, 2012) (citing *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998)); *see also U.S. Fire Ins. Co. v. Villegas*, 242 F.3d 279, 284-85 (5th Cir. 2001).

[18] *Webb v. Investacorp, Inc.*, 89 F.3d 252, 257 n.1 (5th Cir. 1996)(quoting *Aflonso v. Hillsborough County Aviation Auth.*, 308 F.2d 724, 727 (5th Cir. 1962)).

[19] *See generally*, **Exhibit A** Original Petition.

[20] *See* **Exhibit A** Original Petition, at ¶¶ 9, 25.

fact."[21] Here, Plaintiff's request for declaratory relief and state law claims for breach of contract, negligence, and violation of RESPA and HUD guidelines all derive from the servicing of the loan encumbering the Property. Accordingly, the Court may exercise supplemental jurisdiction over Plaintiff's state law claims, and jurisdiction is proper.[22]

## V.
## VENUE

15. Venue is proper in the Western District of Texas, San Antonio Division pursuant to 28 U.S.C. § 1441(a) because Bexar County, Texas is located within this District and cases arising from Bexar County, Texas are properly assigned to the Western District of Texas.[23]

## VI.
## ADDITIONAL REQUIREMENTS

16. No jury demand has been made.

17. Written notice of removal will be provided to Plaintiff and filed with the District Clerk of Bexar County, Texas contemporaneously with this pleading.

Having satisfied the requirements for removal under 28 U.S.C. §§ 1441, 1331, and 1332, Defendant Gateway gives notice that Cause No. 2022-CI-24781, now pending in the 285th Judicial District Court of Bexar County, Texas has been removed to this Court.

---

[21] 28 U.S.C. § 1367(a); *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966).

[22] *Id*.

[23] 28 U.S.C. § 124(d)(4).

Respectfully submitted,

**Bradley**

By: */s/ Gabriella Alonso*
**KYLE A. OWENS**
Texas Bar No. 24046573
kowens@bradley.com
1445 Ross Avenue, Suite 3600
Dallas, Texas 75202
(214) 257-9800 Telephone
(214) 939-8787 Telecopier

**GABRIELLA E. ALONSO**
Texas Bar No. 24113527
galonso@bradley.com
600 Travis Street, Suite 5600
Houston, Texas 77002
(713) 576-0300 Telephone
(713) 576-0301 Telecopier

***ATTORNEYS FOR DEFENDANT***
***GATEWAY FIRST BANK***

### CERTIFICATE OF SERVICE

I certify that on this 10th day of February 2023, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system. I further certify that a true and correct copy of the foregoing has been served on all counsel of record as follows:

**Via email: robert@newarkfirm.com**
Robert C. Newark, III
A Newark Firm
1341 W. Mockingbird Lane
Suite 600W
Dallas, Texas 75247
***Attorney for Plaintiff***

*/s/ Gabriella E. Alonso*
Gabriella E. Alonso